UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

BRIAN COPLEN,

    Plaintiff,

vs.

CHEUNG KONG HOLDING, INC,
a Georgia Domestic Profit Corporation,
SAU PING KWOK, Individually,
XIN GUO, Individually,
XIN HUA TRADING, INC., a New Jersey
Domestic Profit Corporation,
VICTOR KWOK, Individually,
and KENNY COLEMAN, Individually.

    Defendants.
_____/

Case No.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRIAN COPLEN, ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, CHEUNG KING HOLDING, INC. ("CKH"), SAU PING KWOK ("S. KWOK"), XIN GUO ("GUO") , XIN HUA TRADING, INC. ("XHT"), VICTOR KWOK ("V. KWOK"), and KENNY COLEMAN ("COLEMAN"), (collectively, "Defendants") and states as follows:

### **INTRODUCTION**

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things.  First, the FLSA requires payment of minimum wages.  29 U.S.C. § 206(a).  Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C.

§ 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendant, and was paid a weekly salary to cover his first forty (40) hours worked.

4. Throughout his employment, Defendant deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in New Jersey because Defendant, XIN HUA TRADING, INC.'s, principal place of business is in this District.

7. The events or omissions giving rise to this claim occurred in the State of New Jersey.

## PARTIES

8. At all times material hereto, CKH was a Georgia Domestic Profit Corporation with substantial business operations in the State of New Jersey.

9. At all times material hereto, S. KWOK was the Chief Financial Officer of CKH.

10. At all times material hereto, S. KWOK engaged in business in the State of New Jersey.

11. At all times material hereto, GUO was Secretary and Chief Executive Officer of CKH.

12. At all times material hereto, GUO engaged in business in the State of New Jersey.

13. At all times material hereto, Defendant CKH owned and operated XHT located at 2339 Center Square Road, Swedesboro, NJ, 08085.

14. At all times material hereto, V. KWOK managed and operated XHT.

15. At all times material hereto, V. KWOK hired and fired employees of XHT.

16. At all times material hereto, V. KWOK determined the work schedules for the employees of XHT.

17. At all times material hereto, V. KWOK held and/or exercised the authority to control the finances and operations of XHT.

18. At all times material hereto, V. KWOK was an employer as defined by 29 U.S.C. 201 et. seq.

19. At all times material hereto, COLEMAN was a Supervisor at XHT.

20. At all times material hereto, COLEMAN hired and fired employees of XHT, including Plaintiff.

21. At all times material hereto, COLEMAN determined the work schedules for the employees of XHT, including Plaintiff.

22. At all times material hereto, COLEMAN held and/or exercised the authority to control the finances and operations of XHT.

23. At all times material hereto, COLEMAN was an employer as defined by 29 U.S.C. 201 et. seq.

## FLSA COVERAGE

24. At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of FLSA.

25. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

26. At all times material hereto, Defendant, CKH was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA. Specifically, Defendant, CKH

simultaneously operated in multiple states at all times relevant hereto.

27.     At all times material hereto, CKH was, and continues to be, and enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

28.     Based upon information and belief, the annual gross revenue of CKH was in excess of $500,000.00 per annum during the relevant time periods.

29.     At all times material hereto, CKH had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including produce and other materials, necessary and integral to CKH's business operations.

30.     At all times material hereto, Defendant, XHT was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.  Specifically, Defendant, XHT simultaneously operated in multiple states at all times relevant hereto.

31.     At all times material hereto, XHT was, and continues to be, and enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

32.     Based upon information and belief, the annual gross revenue of XHT was in excess of $500,000.00 per annum during the relevant time periods.

33.     At all times material hereto, XHT had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including produce and other materials, necessary and integral to XHT's business operations.

34.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

35.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

36. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

37. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

38. On or about January 1, 2017, Defendants hired Plaintiff to work as a non-exempt employee, performing manual labor.

39. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

40. From at least January 1, 2017 and continuing through August 11, 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

41. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

42. From August 4, 2017 through August 11, 2017, Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked. In fact, Defendants did not pay Plaintiff at all for the weeks worked from August 4, 2017 through August 11, 2017.

43. Defendants have violated Title 29 U.S.C. §§206 and 207 from at least January 1, 2017 and continuing through August 11, 2017, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times

Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

c. Defendants' failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

d. Defendants failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

44. Plaintiff re-alleges and incorporates paragraphs 1 through 43 as if fully set forth herein.

45. From at least January 1, 2017 and continuing through August 11, 2017, Plaintiff worked in excess of forty (40) hours per week for which he was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

46. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

47. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

48. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due. *See Solis v. Chueng Kong Holding, Inc., et al,* 1:11-cv-1604, D.E. 6, (N.D. Ga. June 10, 2011) (Consent Judgment), attached hereto as **Exhibit A.**

49. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

50.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

51.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

52.     Plaintiff re-alleges and incorporates paragraphs 1 through 43 as if fully set forth herein.

53.     Plaintiff was entitled to be paid minimum wage for each week he worked during his employment with Defendants.

54.     Defendants failed to pay Plaintiff minimum wage for each week he worked for Defendants.

55.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same.  As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each week worked during one or more weeks of employment with Defendants.

56.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay him at least minimum wages.

57.     Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

58.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff minimum wages in the amount due to him for Plaintiff's time worked in each work week;

    e. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

    f. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    g. Awarding Plaintiff pre-judgment and/or post judgment interest;

    h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: March 22, 2018.                    Respectfully submitted,

                                              */s/ Andrew R. Frisch*
                                              ANDREW R. FRISCH
                                              MORGAN & MORGAN, P.A.
                                              600 N. Pine Island Road, Suite 400
                                              T: (954) WORKERS;  F: (954) 327-3013
                                              E-mail: AFrisch@forthepeople.com